UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1313 CLUB, INC., | Case No. 2:20-CV-1710 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| BO JANG, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff 1313 Club, Inc.'s ("1313 Club") motion to remand. (ECF No. 6). Defendants Boo and June H. Jang (the "Jangs") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "defendants") responded in opposition. (ECF No. 11).

Also before the court is defendants' motion to dismiss. (ECF No. 4). 1313 Club responded in opposition (ECF No. 12) to which defendants replied (ECF No. 14). Defendants also request that the court take judicial notice of certain recorded legal documents.[1] (ECF No. 5).

**I.    BACKGROUND**

1313 Club seeks to foreclose on its lien on real property located at 10457 Pretzel Court, Las Vegas, NV 89178 (the "subject property"). The subject property is currently

---

[1] Defendants' request is granted. The court takes judicial notice of all the documents in the request as matters of public record. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) (interpreting Fed. R. Evid. 201); *see also infra* section II.

**James C. Mahan**
**U.S. District Judge**

owned by the Jangs and encumbered by a deed of trust in favor Freddie Mac.  1313 Club alleges the following:

Non-parties Eric and Daphne Nelson bought the subject property in September 2015. (First Am. Compl. for Foreclosure, ECF No. 1-1 ¶ 6).  The Nelsons were sole members of Nelson Manor, LLC, an Idaho limited liability company.  (*Id.* ¶ 7).  In June 2016, Nelson Manor, LLC and 1313 Club executed and recorded a lease for the 1313 Restaurant and Bar in Idaho.  (*Id.* ¶ 8).  The Nelsons "personally and unconditionally guaranteed all obligations of Nelson Manner, LLC" under the lease and pledged as security "all of their right, title, and interest" in the subject property.  (*Id.* ¶¶ 8–9).

Nine months later in March 2017, Nelson Manor, LLC defaulted on the lease and executed an agreement acknowledging that it was in breach.  (*Id.* ¶ 10).  The agreement terminated the Nelsons' occupancy of the 1313 Restaurant and Bar but the lien on the subject property survived the termination.  (*Id.*).

The Nelsons sold the pledged subject property to Opendoor Property C LLC ("Opendoor") in October 2018 who then sold the subject property to the Jangs in April 2019. (*Id.*).  Both Opendoor and the Jangs acquired the subject property with notice of and subject to 1313 Club's lien.  (*Id.* ¶¶ 11–12).  The Jangs executed and recorded a deed of trust in favor of CrossCountry Mortgage, Inc. which it later assigned to Freddie Mac. (*Id.* ¶¶ 13–14).

1313 Club obtained a $320,000 judgment against the Nelsons in Idaho state court for breaching the lease in December 2019.  (*Id.* ¶¶ 15–16).  It domesticated the judgment in Nevada in January 2020.  (*Id.* ¶ 18).  1313 Club asks the court to declare that its lien is superior to any interest defendants may have and ask that any foreclosure sale proceeds be applied toward the domesticated foreign judgment. (Prayer for Relief, ECF No. 1-1).

Defendants now move to dismiss this foreclosure action with prejudice. (ECF No. 4). They argue that the lease never attached to the subject property because a so-called "lease lien" is not a recognized security interest in Nevada.  (*Id.* at 3).  And even assuming a lease lien is a recognized security interest, a foreclosure sale would violate Nevada's one-action

**James C. Mahan**
**U.S. District Judge**

rule because 1313 Club has already obtained a personal money judgment against the Nelsons for breaching the lease. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The court typically may not consider material beyond the pleadings to evaluate a complaint's legal sufficiency under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). But the court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the incorporation by reference doctrine, the court can also consider documents whose contents

are alleged in a complaint and whose authenticity no party questions but which are *not* attached to the complaint. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015).

### III. DISCUSSION

#### A. 1313 Club's Motion to Remand

1313 Club requests that the court remand this case based on the forum defendant rule. (ECF No. 6 at 2). The forum defendant rule says that a diversity case cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The Jangs are Nevada citizens and were properly joined and served in Nevada state court before removal. (ECF No. 6 at 2 (citing Petition for Removal, ECF No. 1 ¶ 5)).

Defendants rightfully respond that 1313 Club's motion to remand is moot given their amended petition for removal. (ECF No. 11 (citing Am. Petition of Removal, ECF No. 10)). The petition amends the basis for removal from diversity jurisdiction to federal question jurisdiction bestowed by 12 U.S.C. § 1452(f). Under this statute, if Freddie Mac is a party, the case is deemed to arise under federal law and Freddie Mac can remove it to federal court any time before trial. 12 U.S.C. § 1452(f); *see also Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015); *Thomas v. Fed. Home Loan Mortg. Corp.*, 3:10-cv-0121-LRH-RAM, 2010 WL 11595170, at *1 (D. Nev. May 12, 2010). Thus, 1313 Club's motion to remand is DENIED.

#### B. Defendants' Motion to Dismiss

This foreclosure action is barred by Nevada's one-action rule. The one-action rule says that "there may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate." Nev. Rev. Stat. § 40.430(1). It requires a creditor to "first exhaust the security for the debt" or otherwise forfeit its rights in the collateral. *Id.*; *see also Bonicamp v. Vazquez*, 91 P.3d 584, 585 (Nev. 2004) ("The statute contemplates a creditor's action to exhaust the security *before* recovering from the

**James C. Mahan**
**U.S. District Judge**

- 4 -

debtor personally." (emphasis added)).  The rule applies to a contract secured by a property interest.  *McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC*, 123 P.3d 748, 750 (Nev. 2005).  Its purpose is to prevent multiple suits and double recovery.  (ECF No. 4 at 2, 9 (quoting *Nevada Land & Mortg. Co. v. Hidden Wells Ranch, Inc.*, 435 P.2d 198, 200 (Nev. 1967))).

The Nevada Supreme Court in *Bonicamp v. Vazquez* barred a foreclosure action based on the one-action rule.  91 P.3d 584 (Nev. 2004).  Bail bondsman Bonicamp obtained a personal default judgment in Colorado state court against the Meads who had secured their bail bond debt with a deed of trust on their Nevada residence.  *Id.* at 585.  The Meads later conveyed the collateral property to purchasers who encumbered it with yet another deed of trust.  *Id.*  Bonicamp then domesticated the Colorado judgment in Nevada and brought a foreclosure action against the Meads and later purchasers and interest holders.  *Id.*  The Nevada Supreme Court held that "NRS 40.430 required Bonicamp to first exhaust the security for the debt" and his failure to do so "effect[ed] a legal forfeiture of his rights in the collateral and his right to bring the second separate judicial foreclosure action."  *Id.* at 586.  The statute did not exempt the "separate action on the debt" in Colorado state court.  *Id.*; *see also* Nev. Rev. Stat. § 40.430(6) (listing "actions" that are exempted from the one-action rule).

Just like Bonicamp, 1313 Club had a choice of two remedies for the Nelsons' breach of the lease: foreclose on the collateral or obtain a personal money judgment.  By choosing the second remedy, it lost its right to the first.  That is, *Bonicamp* precludes 1313 Club's assertion that "the Idaho action was a necessary prerequisite to foreclosure of the pledged collateral in Nevada." (ECF No. 12 at 6).

Indeed, 1313 Club does not rebut defendants' persuasive invocation of the one-action rule and *Bonicamp*.  Instead, it appeals to the court's equitable powers. (*Id.* at 5 (extensively quoting Aristotle's *Rhetoric*)).[2]  It asks the court to set aside the one-action rule and avoid an

---

[2] Indeed, Aristotle advises that if the written law is against a litigant, he must have recourse to the unwritten universal law and equity.  But if the written law is in his favor, the oath of the dicast to decide to the best of his judgment does not justify him in deciding contrary to

James C. Mahan
U.S. District Judge

- 5 -

unduly harsh result. (*Id.* at 6 ("The pledged collateral was the only significant asset held by the Nelsons and was the sole basis for accepting their personal guarantee. Without the ability to realize on that collateral, [1313 Club] will recover nothing.")).

It claims that defendants acquired the subject property "with full knowledge of [its] existing senior priority lien and of the Nelsons' deceptive effort to dispose of" the subject property. (*Id.*). Defendants are purportedly forcing 1313 Club to "pay the price for their own lack of due diligence in inspecting" the Clark County property records. (*Id.*).

Equity operates to correct the law, not to overwhelm it. The court is not obliged to set aside the one-action rule just because collecting on the personal money judgment against the Nelsons will be difficult. The rule does not "cut off a creditor's right to fully recover" on a debt as 1313 Club contends either. (ECF No. 14 at 6). Rather, it offers creditors a choice. 1313 Club chose to obtain a personal money judgment against the Nelsons for their breach of the lease. For this reason, this foreclosure action is barred by Nevada's one-action rule and is DISMISSED with prejudice.

### IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that 1313 Club's motion to remand (ECF No. 6) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED. This case is DISMISSED with prejudice.

The clerk shall close the case.

DATED March 31, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

the law. *See* Aristotle, *Rhetoric*, Book I, Chapter 15 (accessed at https://tinyurl.com/5yjuc94c).

**James C. Mahan**
**U.S. District Judge**

- 6 -